UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CURTIS C. OLIVER,           )
                            )
        Petitioner,         )
                            )
    v.                      )   No. 4:03 CV 722 RWS
                            )                    DDN
LARRY ROWLEY,               )
                            )
        Respondent.         )

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the petition of Missouri state prisoner Curtis C. Oliver for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

Petitioner Curtis C. Oliver alleges his rights under the Fourteenth Amendment to the Constitution were violated in several respects, following the revocation of his state court probation. The relevant facts are not in dispute.[1] On August 8, 1996, in Cause No. 96 CR 2165 petitioner pled guilty in the Circuit Court of St. Louis County to one count of forgery. (Doc. 9, Ex. A at unnumbered 2.) On September 26, 1996, he was sentenced to seven years imprisonment. Execution of the sentence was suspended and petitioner was placed on probation for five years. ( Id.) While on probation from his state conviction, petitioner was convicted in this federal court of possessing counterfeit securities and an implement to design counterfeit securities. (Doc. 1, Ex. 5.)[2] Petitioner's projected release date from federal custody was February 9, 2003. ( Id.)

---

[1] Where the documents of record are unclear, the undersigned assumes that petitioner's alleged facts are true. Even assuming the truth of petitioner's allegations, he is entitled to no federal habeas relief.

[2] The court takes judicial notice of its own records, Fed. R. Evid. 201(c), which indicate that in Cause 4:00 CR 521, petitioner pled guilty on February 12, 2001, to one count of possession of a counterfeit security on September 22, 1996, and to one count of possession of an implement to design counterfeit securities on June 14, 1997. On May 11, 2001, petitioner was sentenced to concurrent terms of 30 months in federal prison and to three years supervised release. See Cause 4:00 CR 521, Doc. 28, Judgment in a Criminal Case.

On January 3, 2002, the State of Missouri filed a writ of habeas corpus[3] with the federal authorities to secure petitioner's presence for proceedings regarding revocation of his state court probation. (Doc. 9, Ex. A at unnumbered 3.) On January 30, 2002, petitioner and his counsel attended a hearing before a circuit judge. (Doc. 1, Ex. 1.) At the hearing petitioner's probation was revoked and the court ordered the execution of his seven year sentence. (Id.) Following the imposition of the seven year state sentence, petitioner alleges, the state authorities delivered him to the Missouri Department of Corrections on February 7, 2002. He further alleges that on February 14, 2002, St. Louis County authorities took custody of him under Cause No. 96 CR 2165, and on March 1, 2002, returned him to federal authorities for service of his federal sentence. The state sentencing order was lodged as a detainer.[4] (Doc. 1, Ex. 5 at 2; Doc. 1, Aff.).

On December 9, 2002, petitioner filed a motion to withdraw the detainer placed against him. (Doc. 9, Ex. A at unnumbered 4.) On December 17, 2002, the motion was denied by the circuit court. (Id.)

On February 19, 20, 25 and 27, 2003, petitioner filed four separate state habeas corpus petitions with the circuit court. The February 19 writ alleged that, after he was delivered to the Missouri Department of Corrections, on February 7, 2002, St. Louis County took custody of him without a charge being brought against him. He alleged that he might have been entitled to release on bail and to counsel in the matter. He also alleged a violation of rights regarding concurrent jail time credit for his imprisonment. (Doc. 9, Ex. D.)

In his February 20, 2003 petition for a writ of habeas corpus, he alleged he was taken by St. Louis County authorities from the federal

---

[3]Petitioner alleges and shows that the writ was a writ of habeas corpus *ad testificandum.* See Doc. 1, Supplemental page 1, Ex. H. The purpose of a writ of habeas corpus *ad testificandum* is to secure the subject of the writ for the purpose of giving testimony in a judicial proceeding. State ex rel. White v. Davis, 2005 WL 1804255 at *7 n. 5 (Mo. Ct. App. 2005). The state records show that the writ was *ad prosequendum*. See Doc. 9, Ex. A at 4. The purpose of this writ is to secure the subject for prosecution. Id.

[4]"A detainer is a request filed by a criminal justice agency with the institution in which the prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985).

institution under false pretenses, his probation was revoked in the circuit court, he was delivered to the Missouri Department of Corrections, then abducted by St. Louis County authorities on February 14, 2002, and returned to St. Louis County under Cause No. 96 CR 2165. There, he alleges he was booked and then redelivered to the federal institution, whereupon without due process the St. Louis County authorities lodged a detainer (the order of revocation) against him. (Id., Ex. E.)

In the petitions filed on February 25 and 27, 2003, Oliver alleged that he was being illegally confined under Mo. Rev. Stat. § 548.141[5] and that he was entitled to release from Missouri incarceration so that he could continue with his federal sentence. (Id., Ex. A at 4-5; Ex. F at 1.) On March 11, 2003, the Circuit Court of St. Louis County denied all of the petitions. (Id.)

On April 8, 2003, petitioner appealed from the dismissal of his habeas petitions. (Id. Ex. A at 5.) On May 21, 2003, the Missouri Court of Appeals dismissed the appeal and filed its mandate. (Id.)

### Petitioner's Federal Habeas Grounds

Petitioner alleges three grounds for federal habeas corpus relief in this action:

1) Petitioner's Fourteenth Amendment rights were violated when, on February 14, 2002, he was unlawfully "surrendered" by the Missouri Department of Corrections into the custody of the St. Louis County authorities, who processed him under Cause No. 96 CR 2165 and then held him until March 1, 2002.[6]

---

[5]Section 548.141 applies to extradition matters and authorizes warrantless felony arrests upon probable cause and requires the prompt appearance of the arrestee before a Missouri circuit or associate circuit judge and the filing of a complaint.

[6]The language of Ground 1 as set forth in the petition and the Ground One supplemental page attached to the petition is equivocal. It might be construed to allege that petitioner is complaining about the manner in which he originally came into state custody on January 22, 2002, for the probation revocation proceedings; or it might be construed to complain about the transfers of his custody among the state agencies after the probation revocation on January 30, 2002, as respondent has done. In his traverse, petitioner argues that respondent misconstrued his grounds for relief. He argues that he is not attacking the revocation of probation; rather, he is challenging the proceedings that
(continued...)

2) Petitioner's Fourteenth Amendment rights were violated when the St. Louis County warrant was filed as a detainer against him with federal authorities, after petitioner was returned to federal custody on March 1, 2002.

3) Petitioner was deprived of his Fourteenth Amendment due process rights when he was denied a hearing or counsel, on and after February 7, 2003, upon being surrendered into the custody of St. Louis County police after his federal imprisonment ended.

(Doc. 1, Attach. at 1-3.)

Respondent argues that the instant federal petition should be dismissed for three reasons: (1) Ground 1 was not raised in any state court proceedings; (2) the petition is untimely because it was filed more than one year after his probation revocation on January 30, 2002, even with the benefit of equitable tolling; and (3) all three grounds are without merit.

### Exhaustion of remedies and Procedural Bar

Respondent first argues that Ground 1 was not presented to the Missouri courts for consideration. In order for a state prisoner to qualify for federal habeas corpus review under 28 U.S.C. § 2254, he must first exhaust his available state court remedies for each ground he presents to the federal court. 28 U.S.C. § 2254(b),(c); Coleman v. Thompson, 501 U.S. 722, 731, 750 (1991). The failure to raise a ground for relief in state court, trial or appellate, defaults on the state procedures and erects a bar to relief on that ground in this court. Sweet v. Delo, 125 F.3d 1144, 1149-51 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998); Lowe-Bey v. Groose, 28 F.3d 816, 818 (8th Cir. 1994).

Clearly, petitioner has not fully exhausted his Missouri state court remedies. In the plethora of petitions for writs of habeas corpus Oliver has filed in the Circuit Court of St. Louis County he has alleged that his

---

⁶(...continued)
occurred following his revocation. (Doc. 10, Traverse at 1.) The undersigned accedes to petitioner's expressed intention in discerning his Ground 1.

- 4 -

post-revocation transfers of custody among the state agencies and jurisdictions were unlawful. However, there is no indication in the record that he properly presented these allegations to the Missouri Court of Appeals. The notice of appeal he filed from the denial of the habeas relief was not the proper procedure to follow. Missouri appellate courts have no appellate jurisdiction over the denial of state habeas relief by a circuit court; the proper procedure is to file a new petition for a writ of habeas corpus with the Missouri Court of Appeals. See Mo. S. Ct. R. 91.01(a); Blackmon v. Mo. Bd. of Probation & Parole, 97 S.W.3d 458 (Mo. 2003)(en banc); McDermott v. State, 120 S.W.3d 261 (Mo. Ct. App. 2003). The record does not indicate that petitioner filed such a petition in the Missouri Court of Appeals.

Generally, a federal habeas petitioner can avoid the procedural bar to federal court review of a defaulted ground for relief by showing (1) legally sufficient cause for the default and actual prejudice resulting from the alleged constitutional violation, or (2) that he is actually innocent. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997). Petitioner has not sought to overcome any procedural bar by presenting such information.

### Statute of Limitations

Respondent argues that the petition must be dismissed by this court, because it is untimely. Under 28 U.S.C. § 2244(d)(1), petitioner has one year, from (under the circumstances of petitioner's allegations) the date on which the factual predicate of the grounds for relief were known, in which to file his petition. 28 U.S.C. § 2244(d)(1)(D). Not counted in the limitations period is "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."[7] 28 U.S.C. § 2244(d)(2). Petitioner's probation was revoked on January 30, 2002. (Id. Ex. A at unnumbered 4.) However, he is complaining about post-revocation events: the February 14, 2002, transfer of custody to St. Louis County (Ground 1); his March 1, 2002, return to federal custody (Ground 2); and the February 7, 2003, transfer of custody back to St.

---

[7]A state court petition is "pending" from the time it is first filed until it is finally disposed of and further appellate review is unavailable under that state's procedures. Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999).

Louis County authorities (Ground 3). The instant federal habeas petition was filed on May 23, 2003.[8]

Assuming, *arguendo*, that petitioner's motion to withdraw the St. Louis County detainer and the petitions for writs of habeas corpus were applications for "other collateral review" pursuant to 28 U.S.C. § 2244(d)(2), Grounds 1 and 2 were not brought before this court within the one-year statutory period. The motion to withdraw the detainer was filed on December 9, 2002, and was denied on December 17, 2002. (Id. Ex. A at 4.) This tolled the statutory one-year limitations period for eight days. Petitioner filed the petitions for writs of habeas corpus on February 19, 20, 25 and 27, 2003. They were dismissed by the circuit court on March 11, 2003, and the Missouri Court of Appeals dismissed the appeal on April 8, 2003. Thus, the habeas petitions were pending for a period of 47 days.

By the calculations of the undersigned, the time ran out for filing Ground 1 on April 18, 2003 (one year and 55 days after February 14, 2002); and for Ground 2 on April 25, 2003 (one year and 55 days after March 1, 2002). However, Ground 3 was timely filed on May 23, 2003, well within the statutory limitations period following February 7, 2003.

Petitioner has not stated, nor does the record reflect, any facts suggesting that equitable tolling should be applied to the instant petition.

### **Review of Merits**

All three of petitioner's grounds either are not cognizable in this federal habeas proceeding or they are without merit. To be entitled to federal habeas relief under 28 U.S.C. § 2254, petitioner must establish that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Petitioner maintains that he is not contesting the lawfulness of the revocation of his probation, but is contesting the lawfulness of the various transfers of his custody between the State of Missouri and the United States. It is unchallenged that he was convicted in this federal

---

[8]Petitioner's envelope used to mail the habeas petition to this court is postmarked "May 23, 2003." See Doc. 1, envelope. Under the "prison mail box" rule, a federal habeas petition is considered filed when it is delivered to the institutional mail system for mail delivery. See Houston v. Lack, 487 U.S. 266 (1988).

district court of federal crimes involving counterfeiting and was sentenced as set forth above. It is likewise unchallenged that he was convicted in Missouri circuit court of forgery and sentenced to probation. It is further unchallenged that the probation was ultimately revoked and he was sentenced to seven years imprisonment in the Missouri Department of Corrections. Therefore, there can be no federal constitutional due process complaint about the basis for his current incarceration in the Missouri Department of Corrections.

To the extent that he alleges that the Missouri state authorities and the St. Louis County authorities did not follow state law in the transfers of his custody, these allegations are not cognizable. Any such violation of state law, which is not indicated in the record before the court, are not the proper subjects of federal habeas corpus relief, because they are not of constitutional magnitude. Pulley v. Harris, 465 U.S. 37, 41 (1984)(failure to conduct a proportionality review of a death sentence was not a basis for federal habeas relief when it involved a violation of state law only).

To the extent petitioner argues that his due process rights were violated because he was illegally detained when he was transferred from federal custody into St. Louis County custody to serve the seven year sentence, he is entitled to no relief. (Doc. 1, 5.) Petitioner's release from federal custody did not negate his underlying circuit court sentence and commitment to the Missouri Department of Corrections. Moreover, his transfer from federal custody to his probation revocation hearing was proper and pursuant to a writ of habeas corpus ad prosequendum filed on June 05, 2001. (Doc. 9, Ex. A at unnumbered 3.) See United States v. Moore, 822 F.2d 35, 37 (8th Cir. 1987) (transfer was proper between federal and state custody pursuant to a writ of habeas corpus ad prosequendum).

Petitioner's Ground 3 claim that he was deprived of his Fourteenth Amendment due process rights because he was denied counsel after he served his federal sentence is without merit. Petitioner exercised this right at the time of the probation revocation hearing. On February 7, 2003, petitioner's probation had been revoked by the St. Louis County circuit court and he entered state custody to serve his sentence in Cause 96 CR 2165. Petitioner's due process rights were not denied when his request for counsel at that time was denied. See Gagnon v. Scarpelli, 411 U.S. 778, 788-89 (1973) (holding that a probationer's right to counsel shall be

decided on a case-by-case approach to see whether it is necessary to protect the constitutional rights in a probation revocation hearing.) Moreover, on February 7, 2003, petitioner was not entitled to bond, because he was returned to custody to begin the service of his state sentence.

Even if petitioner were complaining about the lawfulness of the revocation of state probation, he is entitled to no relief. In <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489 (1972), the Supreme Court held that due process rights must be observed for probation revocation. The procedures require that prior to revoking probation, the court must provide written notice of the alleged violation, a hearing, disclosure of the evidence against the probationer, an opportunity to be heard, an opportunity to present witnesses and evidence in his own defense, and a written statement relied on in revocation. <u>Id.</u> In <u>Gagnon</u>, 411 U.S. at 781-82, the Supreme Court stated that, if a probationer was not afforded a preliminary revocation hearing or a final hearing, revocation of his probation did not meet standards of due process.

In petitioner's case, he was given written notice, a hearing which involved disclosure of evidence, an opportunity to be heard, and an opportunity to present witnesses and evidence in his own defense. (Doc. 1, Ex. 1.) Additionally, the court relied on a written statement for revocation. (<u>Id</u>.) Therefore, petitioner was afforded his due process rights throughout the probation revocation proceedings.

Petitioner's argument that his federal and state sentences should have run concurrently at the time of his transfer to St. Louis County is without merit. In <u>Morrissey</u>, the court stated that a parolee who is returned to prison receives no jail time credit for the time served on parole; the returnee may face substantial imprisonment. <u>Morrissey</u>, 408 U.S. at 480. Whether or not petitioner should receive jail time credit on his state sentence during his federal imprisonment is a matter of state law. Mo. Rev. Stat. § 558.031. It is not cognizable in this habeas action.

### **<u>Recommendation</u>**

For the reasons stated above, it is hereby recommended that the habeas petition of Curtis C. Oliver be dismissed.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation. The failure to file timely written objections may result in the waiver of the right to appeal issues of fact.

/s/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 17, 2005.